**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 5, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04 - 30152
SUMMARY CALENDAR

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

    versus

WILBERT L. SHOEMAKER, also known as Chubby,

                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CR-30015-ALL

_____

Before JONES, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:[1]

     Wilbert L. Shoemaker ("Shoemaker") appeals his guilty-plea
conviction and 20-year sentence for conspiracy to possess with
the intent to distribute more than 50 grams of cocaine base and
less than 50 kilograms of marijuana.  Shoemaker contends that the
district court committed plain error by accepting his plea
without determining that it was supported by a factual basis, as
required by FED. R. CRIM. P. 11(b)(3).  Shoemaker maintains that
the stipulated factual basis statement does not establish the

_____

     [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

elements of the cocaine offense to which he pleaded guilty.

When, as in this case, a defendant does not object to Rule 11 errors in the district court, this court reviews for plain error only. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002). Under plain error review, the defendant bears the burden to show that the district court committed a clear and obvious error that affects his substantial rights. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001)(en banc). The defendant also "must show a reasonable probability, that but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 124 S. Ct. 2333, 2340 (2004). This analysis is conducted by examining the entire record. *Id.*

The record shows that the investigation surrounding the offense at issue was initiated when law enforcement officers received information that Shoemaker, a convicted cocaine distributor, was selling cocaine base and marijuana. Based on this information, law enforcement officers arranged two controlled marijuana buys from Shoemaker. Following Shoemaker's arrest, a search of his residence revealed large quantities of cocaine base and a set of digital scales. At his Rule 11 hearing, the district court explained the elements of the cocaine offense to Shoemaker, who acknowledged his understanding of them and subsequently pleaded guilty. In light of these facts, Shoemaker has failed to establish that the district court

committed plain error by accepting his guilty plea.

Therefore, the judgment of the district court is AFFIRMED.